

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2008

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2563

QUI FANG WU,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A98-478-289)

Submitted pursuant to Third Circuit LAR 34.1(a)
February 7, 2008

Before: MCKEE, AMBRO, Circuit Judges and
TUCKER,*District Judge

(Opinion Filed: March 25, 2008)

*Honorable Petrese Tucker, District Judge for the Eastern District of Pennsylvania
sitting by designation.

1

---

OPINION

---

MCKEE, <u>Circuit Judge</u>

Qiu Fang Wu petitions for review of an order of the Board of Immigration

Appeals that affirming the Immigration Judge's denial of her claims for asylum,

withholding of removal, and protection under the Convention Against Torture ("CAT").

For the reasons that follow, we will deny the petition for review.

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we

need not set forth the factual or procedural history except insofar as it may be helpful to

our brief discussion. We uphold the BIA's denial of relief if it is based on "reasonable,

substantial, and probative evidence on the record as a whole." *INS v. Elias-Zacarias*, 502

U.S. 478, 481 (1992).

On appeal to the BIA, Wu submitted a brief that made only general and cursory

claims that her testimony was credible and consistent. She did not argue that the IJ was

biased, nor did she propose explanations for the inconsistencies that troubled the IJ or

explain why his adverse credibility holding was not supported by the record. Since

arguments about the IJ's credibility finding were not raised before the BIA, we lack

jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1)(requiring aliens to exhaust

administrative remedies before petitioning a court for review); *Kibinda v. Attorney*

2

*General of United States*, 477 F.3d 113, 120 n. 8 (3d Cir. 2007) (refusing to consider a claim of alien not made before the IJ and BIA for failure to exhaust as required by 8 U.S.C. § 1252(d)(1)); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-96(3d Cir. 2003) (denying review on claims not presented before the BIA for failure to exhaust as required under 8 U.S.C. § 1252(d)(1), including claim of IJ bias). Given the adverse credibility ruling, the record clearly supports the denial of relief.

## II.

Accordingly, we must deny her petition for review.